**UNITED STATES of America,**
**Appellee,**

v.

**James ARGENTINA, Defendant–**
**Appellant.**

No. 06–5189–cr.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2008.

Allen L. Bode and Susan Corkery for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Kevin J. Keating, Law Office of Kevin J. Keating, Garden City, NY, for Defendant–Appellant.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Argentina was convicted in the Eastern District of New York, following a jury trial, of conspiracy to distribute and possess with intent to distribute ecstasy and marijuana in violation of 21 U.S.C. § 841(b)(1)(B), § 841(b)(1)(C), and § 841(b)(1)(D), conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i), and carrying a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(ii). This appeal arises from a resentencing, entered on November 3, 2006, pursuant to a remand by this court in an August 23, 2006 summary order. *United States v. Argentina,* 173 Fed.Appx. 90 (2d Cir.2006). The defendant-appellant claims that by applying enhancements at the resentencing that the district court had not applied at the original sentencing—specifically an enhancement for abduction based on a car jacking count pursuant to U.S.S.G. 2B3.1(b)(5); an enhancement pursuant to U.S.S.G. 2B3.1(b)(6) for controlled substances and firearms taken during the offense; an enhancement for theft of over $10,000 pursuant to U.S.S.G. 2B3.1(b)(7)(B)—the district court went beyond the scope of our mandate and thus violated the mandate rule.

Argentina was initially sentenced, by the Honorable Joanna Seybert of the Eastern District of New York, as a career offender, pursuant to U.S.S.G. § 4B1.1, to a term of 300 months on count 1, concurrent terms on counts 2 through 9, and a mandatory consecutive term of 84 months on count 10 (the firearms count) for a total sentence of 384 months. At the initial sentencing, the district court determined that the career offender guideline applied, which raised Argentina's guideline range from 210–262 months to 360 months-to-life.

At this sentencing, the following dialogue occurred between the court and defense counsel:

COURT: Have you had an opportunity to previously review the presentence report and the addendums that were supplied?

DEFENDANT: Yes

COURT: Other than the comments that were made on the last date that we met and the findings the court made, are there any additional objections to those items?

DEFENSE COUNSEL: No.

COURT: Okay.

After this discussion, Judge Seybert reviewed some of the suggested enhancements in the PSR—including the enhancements to which defense counsel had specifically objected. She made findings of fact as to each of these objected to enhancements, and indeed granted some of them. She did not, however, systematically consider each of the remaining enhancements that the PSR suggested, nor did she explicitly say what specific enhancements she was using to arrive at her suggested Guideline range.

The defendant-appellant appealed numerous aspects of his conviction and sentence, all of which were denied by this court, with one exception—an issue about which the government consented to a remand. We wrote: "the Government concedes to a remand for re-sentencing because Argentina has proffered new evidence that appears to demonstrate that Argentina does not qualify as a career offender under U.S.S.G. § 4B1.1. We therefore vacate Argentina's sentence, and remand for resentencing in light of this newly presented evidence. For the foregoing reasons, we AFFIRM the conviction and REMAND to the district court with instructions to

vacate defendant's sentence, and conduct resentencing consistent with this order." *Argentina,* 173 Fed.Appx. at 96.

The district court resentenced Argentina on November 3, 2006. Defense counsel argued that in light of the fact that the remand was limited to newly proffered evidence regarding Argentina's lack of career offender status, the district court was limited to imposing the same findings that it had made at the prior sentencing. Defense counsel further argued that because the district court had not made specific findings regarding a series of enhancements, it was not able to consider those at the resentencing—specifically an enhancement for abduction based on a car jacking count pursuant to U.S.S.G. 2B3.1(b)(5); an enhancement pursuant to U.S.S.G. 2B3.1(b)(6) for controlled substances and firearms taken during the offense; an enhancement for theft of over $10,000 pursuant to U.S.S.G. 2B3.1(b)(7)(B). The district court stated that it had asked the defendant if he had any additional objections to the PSR, which included these additional enhancements, and that defense counsel had stated "[n]o"—thus waiving any right to object to the enhancements at issue in this appeal.

Nonetheless, the district court stated that it would hear arguments from both sides on the enhancements at issue on this appeal. Defense counsel, again, contended that these enhancements were not found at the original sentencing proceeding and so it was improper to consider them in light of the directive to resentence Argentina as a non-career offender. The court responded:

> My understanding was that unless I hear specific objections contesting factual objections or reasons for this enhancement not to apply, that burden being on the defendant to come in and say: this doesn't apply, Judge. And

we're giving you notice that it doesn't apply. And here are the reasons why. That if you're silent on that, I can't then be criticized or told I didn't clearly review all of the necessary factors before applying an enhancement.

> On its face, the probation report says that there was a car jacking enhancement. I asked you: Do you have any objections to these items?

> And the answer was, No.

> I accepted some of your arguments and made the appropriate reductions. I rejected others. It would seem that for me to go through each and every enhancement and say: I find this one, I find that one. It was inherent that I was making that finding.

> However, to be totally secure in this resentencing, I am now considering your arguments for the first time ever, as to why this enhancement does not apply, or how it is that you perceive I didn't include it in my calculation of the guidelines back on March the 11th of 2005.

In response to the district court's offer to hear arguments on the enhancements at issue on this appeal, defense counsel argued that the car jacking enhancement was inappropriate, and conceded that the other enhancements were factually supported by trial evidence. The district court rejected the defendant's objection to the car jacking enhancement.

In response to our remand, the district court found that Argentina was not a career offender, but that this finding did not change the calculation of his Guideline category. Defense counsel argued for a lesser sentence under 18 U.S.C. § 3553(a) and the district court inquired into Argentina's conduct in prison since the original sentencing. Thereafter, the court sentenced the defendant to a term of 276 months on count 1, concurrent terms on counts 2 through 9, and 84 months consecutive on

count 10, the firearms count, for a total punishment of 360 months.

The "law of the case doctrine" has two principal prongs: first, "a court of appeals must usually adhere to its own decision at an earlier stage of the litigation"; second, the "mandate rule" describes the duty of the district court on remand—"[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *United States v. Tenzer,* 213 F.3d 34, 39–40 (2d Cir.2000)(internal quotations and citations omitted).

Thus, the mandate rule "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001) (citations and emphasis omitted). We look to both the specific dictates of the remand order, and the broader "spirit of the mandate" to determine whether a remand is for *de novo* or limited resentencing. *United States v. Quintieri,* 306 F.3d 1217, 1227 (2d Cir.2002). Generally, when "we identif[y] a particular sentencing issue necessitating remand," resentencing should be limited, absent explicit language in the mandate to the contrary. *Id.* at 1228. Nonetheless, in some instances, the "spirit of the mandate" may require *de novo* resentencing, even where the mandate does not explicitly so instruct. *Id.; see, e.g., United States v. Johnson,* 378 F.3d 230, 241 (2d Cir.2004) (finding remand to correct erroneous application of murder enhancement undid a "knot of calculations," permitting *de novo* sentencing on remand, because the record of initial sentencing proceeding demonstrated that the issue of other enhancements was put aside in light of the murder enhancement).

At the initial sentencing proceedings, the district court addressed the parties' specific objections to all PSR findings, including those bearing on the specific offense level calculations. After doing so, the court asked the parties whether they had any additional objections to make, and Argentina had none. The court then adopted the PSR findings, as amended, in its written Statement of Reasons. On appeal, in light of new evidence suggesting that Argentina did not qualify as a career offender, we remanded for resentencing.

This Court's remand order neither explicitly stated that the sole issue on remand was the applicability of the career offender status, nor indicated that *de novo* sentencing was appropriate. In light of our presumption of a limited remand where specific sentencing errors have been identified, *see Quintieri,* 306 F.3d at 1228, and the fact that the district court made all relevant guidelines findings during the initial proceedings that would apply in the absence of the career offender status, the spirit of the mandate did not require *de novo* sentencing. Thus, on remand, the district court properly applied the guidelines enhancements it had previously adopted. Moreover, even were the spirit of this Court's remand construed to require *de novo* sentencing because the entire knot of calculations was arguably undone by the reversal, the district court granted Argentina an additional opportunity during resentencing to argue the applicability of enhancements to which he had not previously specifically objected. Argentina does not now argue that these enhancements are factually unsupported.

For the foregoing reasons, the judgment of the district court is AFFIRMED. The Appellee's motion to file late government appendix and to file out of time is DISMISSED as MOOT.